IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AIRGAS MID AMERICA,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-354**          (JCN: 2024020344)

**JOSHUA LOWE,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Airgas Mid America ("Airgas") appeals the August 5, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Joshua Lowe timely filed a response.[1] Airgas did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lowe, a route driver, signed an Employees' and Physicians' Report of Occupational Injury on May 14, 2024. Mr. Lowe stated that he injured his head and back when he tripped on a broken walkway. The physician's portion of the form was completed by Meredith Mason, M.D., who indicated that Mr. Lowe sustained a concussion, left wall strain, and cervical spine strain as a result of an occupational injury. Dr. Mason listed the body parts injured as the head, neck, and left chest wall.

By order dated July 30, 2024, the claim administrator denied Mr. Lowe's claim. The claim administrator stated that pursuant to West Virginia Code § 23-4-2 (2023), Mr. Lowe was not entitled to receive benefits for a self-inflicted injury.[2] The claim administrator

---

[1] Airgas is represented by Jeffrey B. Brannon, Esq. Mr. Lowe is represented by G. Patrick Jacobs, Esq.

[2] West Virginia Code § 23-4-2 provides, in part:

Notwithstanding anything contained in this chapter, no employee or dependent of any employee is entitled to receive any sum under the

1

indicated that this decision was based on a video of the accident, the Employees' and Physicians' Report of Occupational Injury, and the medical records from Marietta Memorial Hospital. Mr. Lowe protested this order to the Board.

On November 11, 2024, Mr. Lowe gave a deposition regarding his claim and testified that he was employed by Airgas as a route driver for about six years prior to the injury. On the date of the injury, Mr. Lowe testified that he clocked into work at approximately 5:00 a.m., built his trip log for the day and loaded bottles onto pallets that went on top of his truck. Mr. Lowe indicated that his job duties included delivering product, including propane, argon, medical oxygen, industrial oxygen, and acetylene, from the Airgas location in Davisville to other locations. It normally took around forty-five minutes to load the truck, which involved heavy lifting.

After loading the truck, Mr. Lowe realized he forgot his wallet in his personal vehicle, about four hundred feet from where he had been working, and he would not have been able to leave the premises without his wallet. When he walked around the building after retrieving his wallet, Mr. Lowe testified that his foot slipped on a piece of broken concrete, and he fell. Mr. Lowe recalled that he was in a hurry because employees who loaded and unloaded their trucks in under two hours every day qualified for a bonus at the end of the month. There had been gas line work at the facility the previous year, and the employer did not fix the resulting holes on the property. Mr. Lowe indicated that his foot landed in one of the holes, and he lost his balance and fell. When asked how many steps he took after tripping, Mr. Lowe indicated that he was unsure, but that he remembered stumbling. Further, Mr. Lowe recalled that the steel storage racks, five to six feet from where he tripped broke his fall. Mr. Lowe did not have any issues with his knees or dizziness that caused his fall.

Mr. Lowe estimated that he had only taken this route from his truck to the parking garage only one or two times previously but stated that he drove through the area every day. Mr. Lowe testified that he was completely sober on the date of this incident, and there was no basis for denying the claim based on intoxication. Mr. Lowe stated that he hit the left side of his head and his left shoulder, and that he injured his back. On the day of the injury, Mr. Lowe went to the Belpre Ohio Emergency Room for treatment. The following day, he was seen at MedExpress in Parkersburg, West Virginia.

Airgas submitted a report dated February 25, 2025, from Daniel Palac, Ph.D., managing scientist at Exponent, regarding human factors issues in Mr. Lowe's claim. Dr. Palac reviewed the video surveillance from May 14, 2024, photos of Mr. Lowe's workplace, and Mr. Lowe's deposition testimony. Dr. Palac concluded that the incident on

provisions of this chapter on account of any personal injury. . . to any employee caused by a self-inflicted injury. . . .

2

May 14, 2024, was consistent with inattention by Mr. Lowe; failure of Mr. Lowe to attend to his work environment and travel path; and that the uneven pavement was conspicuous and could have been observed and navigated without incident by a reasonably alert and attentive individual. Further, Dr. Palac concluded that Mr. Lowe's sequence of steps following the tripping was not consistent with the literature regarding "fall recovery."

By order dated August 5, 2025, the Board reversed the claim administrator's order and held the claim compensable for a concussion, left chest wall strain, and cervical spine strain. The Board found that Mr. Lowe established that he suffered a compensable injury when he tripped and fell at work on May 14, 2024. Airgas now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Airgas argues that the Board's decision is clearly wrong because the video of the incident and the opinion of the only expert of record establish that Mr. Lowe intentionally faked tripping and threw himself into a wall. Further, Airgas argues that Mr. Lowe intentionally injured himself because he was not promoted at work. Airgas asserts that the Board's decision was clearly wrong because Mr. Lowe failed to carry his burden to establish that he sustained an injury, and he failed to submit any reliable medical evidence that he was injured. We disagree.

Three elements must coexist in compensability cases: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r,* 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, the

3

Supreme Court of Appeals of West Virginia has held that "A 'self-inflicted injury,' such as would bar recovery, is an intentionally-inflicted injury. It is not a negligently-inflicted injury as the governing statutes specifically establish a no-fault system of workers' compensation." *Roberts v. Consolidation Coal Co.*, 208 W. Va. 218, 235, 539 S.E.2d 478, 495 (2000).

Here, the Board found that the surveillance video shows Mr. Lowe walking, catching his foot on an uneven slab of concrete, falling forward into a rack of pallets, and then falling to the concrete, which corroborates his description of the injury. Further, the Board concluded that even if Mr. Lowe had been inattentive or otherwise negligent, his claim cannot be denied as an intentionally inflicted injury.[3] Although Airgas argues that there is no medical evidence to support the compensability of Mr. Lowe's claim, as noted by the Board, the physician's portion of the Report of Occupational Injury form lists the diagnoses of concussion, chest wall strain, and a cervical spine strain. Based on the foregoing, the Board found that Mr. Lowe established that he suffered a compensable injury when he tripped and fell at work on May 14, 2024.

Also, to the extent Airgas continues to assert that Mr. Lowe's injury was due to his inattention, and "failure to attend to his environment and path," as posited by Dr. Palac, we reiterate that West Virginia Workers' Compensation is a no-fault system. *See Hood v. Lincare Holdings, Inc.,* 249 W. Va. 108, 112, 894 S.E.2d 890, 894 (2023) (noting that workers' compensation is a no-fault system and when an employee is injured, "it does not matter whether the employer or employee was at fault.").

Upon review, we conclude that Airgas has not established that the Board's decision is clearly wrong. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and holding the claim compensable for a concussion, left chest wall strain, and cervical spine strain.

Accordingly, we affirm the Board's August 5, 2025, order.

Affirmed.

---

[3] Airgas's argument that Mr. Lowe's injury was intentional is borderline bad faith, as nothing in Dr. Palec's report indicates that he believed the injury to be self-inflicted.

4

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White